UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDY HORAK,
    Plaintiff,

Case No. : _____

v.

BAC GP, LLC,
    a Nevada limited liability corporation
    f/k/a Countrywide GP, LLC

BAC Home Loans Servicing, LP
    a Texas limited partnership,

and

DOES I - V

    Defendants    /
_____/

## COMPLAINT
### (With Demand for Jury Trial)

COMES NOW the plaintiff, RUDY HORAK ("RUDY HORAK"), by and through his counsel, and for his Complaint against defendant BAC GP, LLC and BAC Home Loans Servicing, LP and persons as yet unknown to Plaintiff (identified as "DOES I - V" or "UNKNOWN DEFENDANTS") pursuant to the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681u hereinafter the "FCRA"), and pendent state common law claims, for obtaining plaintiff's credit reports twice under false pretenses and without permission or a permissible purpose, and states as follows:

## INTRODUCTION

1. This is an action brought by a consumer for the willful, knowing, and/or negligent violations of the Fair Credit Reporting Act, (15 U.S.C. §1681 et seq., hereinafter, the "FCRA") which prohibits persons from unlawfully accessing consumers' protected information and common law invasion of privacy arising from at least two (2) disseminations of consumer credit and other financial information ("impermissible access") during June, 2009 (TransUnion) and again on July 17, 2009 (Experian), all of which BAC obtained after BAC received notice that RUDY HORAK discharged his debts in bankruptcy on February 18, 2009. RUDY HORAK seeks an award of actual, statutory, and punitive damages along with costs and attorney's fees.

## PARTIES

2. At all pertinent times, plaintiff was and remain a natural person residing within Polk County, Florida.

3. Plaintiff files this action against two related entities, BAC GP, LLC and BAC Home Loans Servicing, LP. For convenience, BAC GP, LLC, including its predecessor entity, Countrywide GP, LLC, is hereinafter referred to as "BAC GP, LLC". Similarly, defendant BAC Home Loans Servicing, LP, including its predecessor entity Countrywide Home Loans Servicing, LP, is hereinafter referred to as "BAC Home Loans Servicing, LP. Finally, defendants BAC GP, LLC and BAC Home Loans Servicing, LP (including their respective predecessors) are collectively referred to as the "Company".

4. Based upon information and belief, at all pertinent times, defendant

BAC GP, LLC was and remains a corporation organized under the laws the State of Nevada with its principal place of business being located at 4500 Park Granada in Calabasas, CA (91302). On or about April 24, 2009, BAC GP, LLC changed its name from COUNTRYWIDE GP, LLC to BAC GP, LLC. (For convenience, BAC GP, LLC and COUNTRYWIDE GP, LLC are hereinafter collectively referred to as "BAC GP, LLC".) At all times pertinent, BAC GP, LLC used the instrumentalities of interstate commerce (mails and telephone) to attempt to collect consumer debts from persons who reside in this District.

5. BAC Home Loans Servicing, LP was and remains a limited partnership organized under the laws the State of Texas with its principal place of business being located at 30930 Russell Ranch Road, Westlake, California (91362). On or about April 29, 2009, BAC Home Loans Servicing, LP changed its name from Countrywide Home Loans Servicing, LP to BAC Home Loans Servicing, LP. (For convenience, BAC HOME LOANS SERVICING, LP and Countrywide Home Loans Servicing, LP COUNTRYWIDE GP, are hereinafter collectively referred to as "BAC HOME LOANS SERVICING, LP".) At all times pertinent, BAC GP, LLC (including its predecessor) is the sole general partner of BAC HOME LOANS SERVICING, LP (including its predecessor) and is responsible for the acts of BAC HOME LOANS SERVICING, LP. At all times pertinent, BAC HOME LOANS SERVICING, LP used the instrumentalities of interstate commerce (mails and telephone) to attempt to collect consumer debts from persons who reside in this District.

6. BAC GP, LLC and BAC HOME LOANS SERVICING, LP are each both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

7. At all pertinent times Does I - III (hereinafter collectively referred to as "Unknown Persons") were citizens of California and resided or were domiciled in a county or counties therein.

8. Unknown Persons were subsidiaries, affiliates, employees and/or agents of Company engaged by Company for the purpose of office administration and/or tasks related to Company's business, and had access to computer hardware and software allowing them to, among other things, request and obtain consumer credit and other financial information on behalf of or for the benefit of Company.

9. Unknown Persons are both "persons" and "natural persons," as said terms are contemplated and defined under the FCRA, respectively.

10. At all pertinent times there was and/or remains a principal-agent relationship between Unknown Persons and Company regarding Unknown Persons' request of consumer reports for and on behalf of Company, and Unknown Persons were and remain the agents of their principal, Company.

## JURISDICTION AND VENUE

11. The claims asserted herein under the Fair Credit Reporting Act arise under and pursuant to 15 U.S.C. §1681 *et seq.* and this Court's state law claim jurisdiction.

12. This Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p, FDCPA 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is properly laid in this district pursuant to 15 U.S.C. §1681p (as to the FCRA claims) and 15 U.S.C. § 1692k (as to the FDCPA claims) and 28 U.S.C. § 1391(b) and (c). Venue

4

is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of occurred in Polk County, Florida, Plaintiff resides in this District, and the Defendants transact business here.

## FACTUAL ALLEGATIONS CONCERNING IMPERMISSIBLE ACCESS

14. Plaintiff restates and reiterates herein all previous paragraphs.

15. Based upon information and belief, prior to February, 2009, BAC GP, LLC and/or BAC HOME LOANS SERVICING, LP and CRAs entered into a written subscriber agreement in which CRAs agreed to, among other things, provide "consumer reports" (as said term is defined under the FCRA) to Company for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

16. On October 21, 2008, Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the Orlando Division of the United States Bankruptcy Court. (Case No. 6:08-bk-09795-KSJ). Plaintiff stated his intention to surrender the collateral in the Statement of Intentions filed as part of his bankruptcy "Petition & Schedules" and soon thereafter performed his intentions by abandoning his former homestead property.

17. Plaintiff listed creditor Countrywide in his schedules and in the Matrix of Creditors.

18. On October 31, 2008, the Bankruptcy Court issued a "Notice of Commencement of Chapter 7 Case, Meeting of Creditors, & Deadlines" concerning the Plaintiff's Bankruptcy (the "Notice of Commencement".) The Notice of Commencement provided the time and date of the

Meeting of Creditors and the deadline for parties to object to the discharge of RUDY HORAK's debts.

19. On October 31, 2008, the Bankruptcy Court issued an "Order Determining Debtor's Compliance With Filing Requirements Of Section 521(a)".

20. On November 2, 2008, the Bankruptcy Noticing Center (also referred to as the "BNC") mailed Countrywide the Notice of Commencement. (A copy of the Notice of Commencement and the BNC Certificate of Mailing is attached as Exhibit "A".)

21. On November 2, 2008, the BNC mailed Countrywide the "Order Determining Debtor's Compliance With Filing Requirements Of Section 521(a)" (A copy of the "Order Determining Debtor's Compliance With Filing Requirements Of Section 521(a)" is attached as Exhibit "B".)

22. Neither the Company (then known as Countrywide) nor any other person filed an adversary action seeking to determine dishargeability of the Account. Plaintiff did not reaffirm the Account. Plaintiff vacated the former homestead prior to filing bankruptcy and surrendered the property to his creditors in his Bankruptcy.

23. On February 18, 2009, the Bankruptcy Court entered an order entitled "Discharge of Debtor" (the "Discharge Order") which discharged his debts including his debt to the Company (then known as Countrywide).

24. On February 20, 2009, the BNC mailed copies of the Discharge Order to all parties including Countrywide. (A copy of the Discharge Order along with the BNC's Certificate of

Mailing is attached as Exhibit "C"). (The Notice of Commencement and the Discharge Order were not returned to the Bankruptcy Noticing Center and are presumed to be served upon Countrywide.)

25. The Account was discharged in RUDY HORAK's Chapter 7 bankruptcy.

26. During June, 2009, "BAC Home Loans Servicing, LP" requested and obtained protected information from the plaintiff's consumer report from TransUnion and TransUnion provided (by computer or otherwise) Plaintiff's consumer report to BAC Home Loans Servicing, LP. (A redacted copy of RUDY HORAK's TransUnion credit report showing the dates when the Company requested an account review of Mr. HORAK's credit information is attached as Exhibit "D").

27. On or about July 17, 2009, the Company (or its agents acting on the Company's behalf and within the scope of their agency) through a subscriber terminal identified as "CFG SBO/Countrywide" requested and obtained protected information from Plaintiff's consumer report from Experian and Experian provided (by computer or otherwise) all or portions of Plaintiff's consumer report to Company. (A redacted copy of RUDY HORAK's Experian credit report showing the dates when the Company requested an account review of Mr. HORAK's credit information is attached as Exhibit "E").

28. Company did not have a lawful purpose for requesting and obtaining plaintiff's consumer reports from CRAs, and therefore Company's requests and receipt of protected information from plaintiff's consumer reports were in violation of the FCRA and defendants did not have a permissible purpose for obtaining access to RUDY HORAK's protected information. 15 U.S.C. §1681b.

29. At no time applicable to this Complaint (i.e., any time after February 18, 2009) did the Company have one of the relationships enumerated under FCRA § 604, at 15 U.S.C. § 1681b(a)(3).

30. At no time applicable to this Complaint did the Company receive the written instructions of RUDY HORAK to request his consumer report under 15 U.S.C. § 1681b(a)(2).

31. No court of competent jurisdiction has ever ordered the consumer reports of plaintiff be furnished to the Company or the Unknown Defendants or to their attorneys.

32. No federal grand jury has ever issued a subpoena for the consumer reports of plaintiff to be furnished to Company or to the Unknown Defendants or their attorneys.

33. No child support enforcement agency has ever requested the credit reports of plaintiff be furnished to Company or to the Unknown Defendants or to their attorneys.

34. Defendant Company is prohibited from obtaining a consumer report under false pretenses, pursuant to the FCRA § 604, codified at 15 U.S.C. § 1681b(f).

35. Defendant Company is required to establish reasonable procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

36. Company has compromised Mr. HORAK's access to credit by imparting to past, present and future credit grantors that Plaintiff has an active business relationship with Company even after Mr. HORAK discharged his debts in bankruptcy.

37. Company had an affirmative duty to follow reasonable procedures including those that would prevent the impermissible accessing of consumer reports (a/k/a "credit reports").

38. Reasonable procedures include appropriate checks to prevent continued access to protected information arising from accounts which Defendant owned, secruitized or otherwise

serviced after Defendant (including Defendants' agents and principals) knows that the consumer has discharged such debts in bankruptcy.

39. Company failed to develop and employ such procedures sufficient to prevent the unlawful accessing of Mr. HORAK's protected consumer information.

40. In the alternative, Company expressly or implicitly authorized its employees or agents to continue to access Mr. HORAK's protected consumer information.

41. In the alternative, Company provided Unknown Defendants with actual or apparent authority to obtain credit reports from CRAs by holding out Unknown Defendants to CRAs as possessing sufficient authority to obtain protected credit information concerning persons and CRAs relied upon such authority.

42. Company and Unknown Defendants willfully obtained the information contained in RUDY HORAK's consumer reports under false pretenses.

43. Unknown Persons, while acting for and on behalf of Company and while performing activities within the scope of their business relationship with Company, requested and obtained plaintiff's consumer report(s) on the dates described in Paragraphs 26 and 27.

44. Company and any Unknown Persons did not have a lawful purpose for requesting and receiving plaintiff's consumer reports from CRAs after the account was discharged on February 18, 2009, and therefore Company and any Unknown Persons' requests and receipt of plaintiff's consumer report(s) was in violation of the FCRA.

45. Unknown Persons, while acting for and on behalf of Company and while performing activities within the scope of their business relationship with Company, requested and obtained plaintiff's consumer report(s) on the dates described in Paragraphs 26 and 27.

46. Unknown Persons did not have a lawful purpose for requesting and receiving plaintiff's consumer reports from CRA after the account was discharged on February 18, 2009, and therefore Unknown Persons' subsequent requests and receipt of plaintiff's consumer report(s) were in violation of the FCRA.

47. In the alternative, Company's failure to comply with the FCRA when it requested and obtained the plaintiff's consumer report was willful, as contemplated under 15 U.S.C. §1681n of the FCRA. As a result of said conduct by Company, plaintiff has been damaged.

48. Company's failure to comply with the FCRA when it requested and obtained the plaintiff's consumer information after February 18, 2009, was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA. As a result of said conduct by Company, plaintiff has been damaged.

49. In the alternative, Company's request and receipt of the plaintiff's protected consumer information constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. §1681n and §1681q of the FCRA. As a result of said conduct by Company, plaintiff has been damaged.

50. Company and/or Unknown Persons' failure to comply with the FCRA when they requested and obtained the plaintiffs' consumer information was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA. As a result of said conduct by Company and/or Unknown Persons, plaintiff has been damaged.

51. In the alternative, Company's and/or Unknown Persons' failure to comply with the FCRA when it requested and obtained the plaintiff's consumer information was willful, as

contemplated under 15 U.S.C. §1681n of the FCRA. As a result of said conduct by Company and/or Unknown Persons, plaintiff has been damaged.

52. In the alternative, DOES I - III and/or Unknown Persons' request and receipt of the plaintiff's consumer report(s) constituted the receipt of information on a consumer from a consumer reporting agency under false pretenses or knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. §1681n and §1681q of the FCRA. As a result of said conduct by DOES I - III and/or Unknown Persons, plaintiff has been damaged.

53. In the alternative, Company's and/or Unknown Persons' request and receipt of the plaintiff's consumer reports constituted the knowing and willful receipt of information on a consumer from a consumer reporting agency under false pretenses by a natural person, as contemplated under 15 U.S.C. §1681n of the FCRA. As a result of said conduct by Company and/or Unknown Persons, plaintiff has been damaged.

54. Among other effects of the Defendants' (Company and any Unknown Defendants) conduct, Plaintiff suffered invasion of privacy or seclusion, fear of further invasions of his privacy and seclusion including, but not limited to, loss of credit opportunities, continuing future injuries to privacy and reputation, and potential identity theft from unauthorized access.

## COUNT ONE
### (15 U.S.C. §1681o; All Defendants)

55. Plaintiff restates and reiterates herein all previous paragraphs.

56. Pursuant to 15 U.S.C. §1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the

failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681o, the costs of the action together with reasonable attorneys' fees.

57. As a result of defendants' negligent failure to comply with the FCRA, defendants, BAC GP, LLC, BAC HOME LOANS SERVICING, LP, and the Unknown Defendants, are each liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

## COUNT TWO
### (15 U.S.C. §1681n; All Defendants)

58. Plaintiff restates and reiterates herein in Paragraphs No. 1 through 54 above.

59. Pursuant to 15 U.S.C. §1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

60. As a result of defendants' willful failure to comply with the FCRA, defendants BAC GP, LLC, BAC HOME LOANS SERVICING, LP, and the UNKNOWN DEFENDANTS, are each liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00

for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

## COUNT THREE
### (15 U.S.C. §1681q & n; All Defendants)

61.   Plaintiff restates and reiterates herein in Paragraphs No. 1 through 54 above.

62.   Pursuant to 15 U.S.C. §1681q and 15 U.S.C. §1681n, any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

63.   As a result of defendants' knowing and willful request and receipt of information on the plaintiff from a consumer reporting agency under false pretenses, BAC GP, LLC, BAC HOME LOANS SERVICING, LP, and UNKNOWN DEFENDANTS, are each liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

## COUNT FOUR
### (15 U.S.C. §1681n; "Unknown Persons")

64. Plaintiff restates and reiterates herein in Paragraphs No. 1 through 54 above.

65. Pursuant to 15 U.S.C. §1681n, any natural person who obtains a consumer report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. §1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

66. As a result of Unknown Persons' request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, Unknown Persons are liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

## COUNT FIVE
### (Invasion of Privacy; All Defendants)

67. Plaintiff restates and reiterates herein in Paragraphs No. 1 through 54 above.

68. Defendants' conduct, as described herein, constituted an invasion of plaintiff's solitude and seclusion which was offensive to any person of ordinary sensibilities. Said invasion was

14

an unreasonable intrusion into the private life and matters of plaintiff and constituted a public disclosure of private facts, the nature of which a reasonable man of ordinary sensibilities would find objectionable and offensive.

69. Defendants' conduct, as described herein, constitutes an unlawful and actionable invasion of plaintiff's privacy, which conduct has damaged plaintiff, entitling plaintiff to an award of damages, compensatory and punitive, against defendants BAC GP, LLC, BAC HOME LOANS SERVICING, LP and the UNKNOWN DEFENDANTS.

## COUNT SIX

70. Plaintiff restates and reiterates herein in the paragraphs alleged above.

71. As the principal of its agents, including the UNKNOWN DEFENDANTS, defendant BAC GP, LLC is liable to plaintiff for any and all damages suffered by plaintiff as a result of the unlawful acts of its agents.

72. As the general partner of BAC HOME LOANS SERVICING, LP, defendant BAC GP, LLC is liable to plaintiff for any and all damages suffered by plaintiff as a result of the unlawful acts of BAC HOME LOANS SERVICING, LP.

**WHEREFORE**, plaintiff, RUDY HORAK, by and through counsel, demands relief against the defendants, BAC GP, LLC, BAC HOME LOANS SERVICING, LP, and the UNKNOWN DEFENDANTS (DOES I through III), as follows:

A. Under Count One, a judgment against the defendants BAC GP, LLC, BAC HOME LOANS SERVICING, LP and the UNKNOWN DEFENDANTS (DOES I through III) in an amount equal to any actual damages sustained by the plaintiff.

B. Under Count Two, a judgment against the defendants BAC GP, LLC, BAC HOME LOANS SERVICING, LP and the UNKNOWN DEFENDANTS (DOES I through III), in an amount equal to any actual damages sustained by the plaintiff or damages of not less than $100.00 and not more than $1,000.00 to the plaintiff, and such amount of punitive damages as are deemed fair and just by the trier of fact.

C. Under Count Three, a judgment against the defendants, BAC GP, LLC, BAC HOME LOANS SERVICING, LP and the UNKNOWN DEFENDANTS (DOES I through III), jointly and severally, in an amount equal to any actual damages sustained by the plaintiff or damages of not less than $100.00 and not more than $1,000.00 to the plaintiff, and such amount of punitive damages as are deemed fair and just by the trier of fact.

D. Under Count Four, a judgment against the defendants, UNKNOWN DEFENDANTS (DOES I through III), in an amount equal to the sum of any actual damages sustained by the plaintiff or $1,000.00, whichever is greater, and such amount of punitive damages as are deemed fair and just by the trier of fact.

E. Under Count Five, a judgment against the defendants BAC GP, LLC, BAC HOME LOANS SERVICING, LP and the UNKNOWN DEFENDANTS (DOES I through III),

jointly and severally, in an amount equal to any actual damages sustained by the plaintiff, and such amount of punitive damages as are deemed fair and just by the trier of fact.

F.  Under Counts One, Two, Three, and Four and as required under the FCRA, an award of attorneys' fees and costs herein incurred as to Defendant BAC GP, LLC, BAC HOME LOANS SERVICING, LP and UNKNOWN DEFENDANTS (DOES I through III).

G.  Under Count Six, a judgment against the defendant, BAC GP, LLC, BAC HOME LOANS SERVICING, LP., for any and all damages and amounts awarded against the UNKNOWN DEFENDANTS (DOES I through III).

H.  Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

I.  Trial by jury on all issues so triable.

J.  Temporary and/or injunctive relief precluding the defendants BAC GP, LLC, BAC HOME LOANS SERVICING, LP and UNKNOWN DEFENDANTS (DOES I through III) from further obtaining or using Plaintiffs' consumer report.

K.  As to all Counts, any and all other relief to which plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury for all issues so triable.

Dated : April 26, 2010.

_____
DONALD E. PETERSEN

Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
F.B.N.        0776238
Telephone:    (407) 648-9050
Facsimile     N/A
E.C.F. (Only) dep.ecf@cfl.rr.com
Email :       Petersen221@yahoo.com
Lead Trial Counsel (to be noticed) for the Plaintiff,
RUDY HORAK


_____
JAMES T. HARPER

Law Office of James T. Harper, P.A.
1510 East Colonial Drive; Suite 204
Orlando, FL 32803-4734
Voice :    (407) 896 - 3077
Facsmile : (407) 896 - 3041
ECF        tramh@urichoffice.com
F.B.N.     0143103
Lead Trial Counsel (also to be noticed) for the Plaintiff,
RUDY HORAK

18

## **EXHIBITS**

Exhibit "A" "Notice of Commencement" concerning Plaintiff along with the Certificate of Mailing by the Bankruptcy Noticing Center (dated November 2, 2008).

Exhibit "B" "Order Determining Debtor's Compliance With Filing Requirements of Section 521(a)" concerning Plaintiff along with the Certificate of Mailing by the Bankruptcy Noticing Center (dated November 2, 2008).

Exhibit "C" Discharge Order concerning Plaintiff (dated February 18, 2009) along with the Certificate of Mailing by the Bankruptcy Noticing Center (dated February 20, 2009).

Exhibit "D" Plaintiff's redacted TransUnion Credit Report concerning access by BAC Home Loans Servicing, LP during June, 2009.

Exhibit "E" Plaintiff's redacted Experian Credit Report concerning access by "CFG SBO / Countrywide" on July 17, 2009.